THE PENNSYLVANIA RAILROAD COMPANY, PLAINTIFF IN
    ERROR, v. NATIONAL DOCKS, &c., COMPANY, DEFEND-
    ANT IN ERROR.

1. When a condemnation case has been appealed, and there has been a
   trial and judgment thereon, which has been reversed on error, and the
   case remitted, it is lawful for the justice holding the Circuit to strike
   a jury and set the case for trial on a day fixed by him.
2. In such cases the cause need not be put on the trial list and noticed
   for trial in the ordinary way.

In error to the Hudson Circuit Court.

Argued at November Term, 1895, before BEASLEY, CHIEF
JUSTICE, and Justices MAGIE and LUDLOW.

For the plaintiff in error, *James B. Vredenburgh* and *Rich-
ard V. Lindabury*.

For the defendant in error, *Dickinson, Thompson & Mc-
Master* and *Gilbert Collins*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This was a condemnation pro-
ceeding by virtue of the act of 1893.    *Pamph. L., p.* 161;
*Gen. Stat., p.* 1386.

That statute provides for an issue to be formed on an
appeal to the Circuit, and empowers the justice of the Supreme
Court to strike a jury and fix a day for the trial of the cause.

This course was taken in this case and a trial took place,
and the judgment that was rendered on the verdict, having,
on error, been set aside, a *venire de novo* was awarded.

In this situation the justice of the Supreme Court having
cognizance of the controversy, on application struck a jury
and set down the cause for trial on a particular day designated
by him.    This disposition is now, as it was at the time, ex-
cepted to, the contention being that the cause, when returned

from the Supreme Court, should have been proceeded with in the usual way—that is, that it should have been put on the trial list and noticed for trial on the first day of a term.

Upon consideration we think this position not well taken. The statute marks this class of cases, founded on appeals from the awards of commissioners, as exceptional, so far as the methods of bringing them to trial are concerned. It is required to be tried by a struck jury, and the plain legislative purpose is that the issue shall be disposed of expeditiously, and it but effectuates such design to infer that the methods devised with that view inhere in the proceeding to the end. We think, therefore, that the judge was possessed of the power exercised by him, and that the case has been legally brought to trial.

With regard to the other exceptions, which are tediously numerous, we think it sufficient to say that we have found none of them of sufficient force to illegalize the transaction.

Let the judgment be affirmed.